UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEFFERY BENJAMIN,

               Plaintiff,

        v.

JAVIER ORTIZ, ESQ, as the Commissioner of the
Office of the Public Administrator, and THE
OFFICE OF THE PUBLIC ADMINISTRATOR,

               Defendants.

**MEMORANDUM AND ORDER**
23-CV-6664 (LDH) (RER)

---

LaSHANN DeARCY HALL, United States District Judge:

Jeffery Benjamin ("Plaintiff"), proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 alleging an illegal eviction claim against Javier Ortiz, ESQ, as the Commissioner of the Office of the Public Administrator, and the Office of the Public Administrator (collectively, "Defendants"). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff alleges that, on July 25, 2023, a lock was changed on the door of his residence, located at 577 Macon Street, Brooklyn, New York (the "Premises"). (Compl. at 5, ECF No. 1.) According to the Complaint, prior to July 25, 2023, Plaintiff had never been presented with a "warrant of eviction." (*Id*. at 4-6, 7.) Plaintiff further alleges that there was also a sign posted on the Premises indicating that "under the custody of the Public Administrator of Kings County

1

[and] entry into these premises without the express authority of this office is prohibite[d] by law and violation will be prosecuted." (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B). In addition, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte. See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H*

2

*Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

### I.    <u>Non-suable entities</u>

Under the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. In this action, the Complaint is brought against the Public Administrator Office of the City of New York. (*See generally* Compl.) And, critically, the Public Administrator Office of the City of New York is an agency of the City of New York.[1] As such, the Public Administrator Office of the City of New York is a non-suable entity, and Plaintiff's claims against it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued"); *Richardson v. New York City Police Dep't*, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) (explaining an agency of the City of New York "may not be sued directly; instead, any suit against a City agency must be brought against the City of New York").

### II.    <u>Plaintiff's § 1983 Claims</u>

Under § 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting

---

[1] *See https://www.nyc.gov/site/nycountypa/index.page* (last visited Apr. 20, 2026).

42 U.S.C. § 1983).  To plead a viable § 1983 claim, a plaintiff must allege facts that plausibly establish a "violation of a right secured by the Constitution and laws of the United States," and that the action resulting in said violation was "committed by a person acting under [the] color of state law."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).  The requirement that the violation be committed by, or the result of actions committed by, a person acting under the color of state law is gating.  Indeed, § 1983 "constrains only state conduct, not the 'acts of private persons or entities."  *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (citation and internal quotation marks omitted).

In addition, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).  Moreover, the doctrine of respondeat superior is not available in a § 1983 action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  That is, "there is no special rule for supervisory liability[;] [i]nstead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti*, 983 F.3d at 618 (internal quotation marks and citation omitted).  Here, Plaintiff fails to plead any facts to

4

allow the inference that defendant Javier Ortiz had any personal involvement in any of the alleged violations asserted in his complaint. Accordingly, all claims against defendant Javier Ortiz are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

In light of this Court's duty to liberally construe pro se complaints, the Court will grant Plaintiff 30 days leave to file any amended complaint, which must comply with Rule 8(a) of the Federal Rules Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). That said, the Court warns Plaintiff that, it is well settled that "federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted); *see also Bey v. Jones*, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("the Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter"); *Allied Manor Rd. LLC v. Berrios*, 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (same); *McMillan v. Dep't of Bldgs.*, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings). As such, Plaintiff is advised that, should he seek to file suit related solely to whether the manner in which he was evicted violates the State of New York's eviction laws, he should do so with the proper state court. Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

**CONCLUSION**

The instant Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file any amended complaint. No summons shall be issued at this time, and all further proceedings shall be STAYED for 30 days. If Plaintiff fails to amend the complaint within 30 days as directed by this

5

Order, this case shall be dismissed, and judgment shall be entered.  The Court certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in

forma pauperis status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369

U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this

Memorandum and Order to Plaintiff, along with a civil rights complaint form.

SO ORDERED.

Dated: Brooklyn, New York   /s/ LDH
      May 5, 2026   LASHANN DEARCY HALL
           United States District Judge